IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ALAN HOFFMANN,

                              Petitioner,                          OPINION AND ORDER

        v.                                                              24-cv-173-wmc

GARY BOUGHTON,

                              Respondent.

Alan Hoffmann, representing himself, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the judgment of conviction in Portage County Case No. 2018CF334.  (Dkt. #1.)  Hoffmann has also filed a motion to stay his petition and hold it in abeyance so that he can exhaust his state court remedies with respect to some of his grounds for relief.[1]  (Dkt. #2.)  For the following reasons, the court will deny the motion and give Hoffmann a short time to inform the court how he would like to proceed.

BACKGROUND

On May 12, 2020, following a jury trial, Hoffman was found guilty of two counts of first-degree child sexual assault, two counts of incest with a child, and one count of repeated sexual assault of the same child all in violation of Wisconsin state law.  He was sentenced to a total of 30 years of initial confinement and 25 years of extended supervision.

Hoffmann appealed, arguing that the circuit court erred by ruling that:  (1) he was not prejudiced by a juror's observation of two deputies escorting him to the jail;  (2) portions of a victim's forensic interview were admissible;  (3) defense counsel could not

---

[1] Hoffman's motion for leave to proceed in forma pauperis (dkt. #3) will be denied as moot because the $5 filing fee has been paid.  *See* 28 U.S.C. § 1914(c) (setting the filing fee at $5).

play the complete video of the forensic interview; and (4) the prosecutor's presentation of allegedly cumulative evidence on cross-examination of a defense witness was proper. *See State v. Hoffmann*, 2023 WI App 6, 958 N.W.2d 457; *see also* dkt. #1-6 at 3. The Wisconsin Court of Appeals rejected Hoffmann's arguments and affirmed the judgment of conviction. Hoffmann petitioned the Wisconsin Supreme Court for review on the same grounds, and the Court denied the petition on April 18, 2023. (Dkt. #1 at 5.) The one-year statute of limitations on a federal habeas petition began running 90 days later, on July 17, 2023, and will end on July 17, 2024. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed a petition for writ of certiorari with United State Supreme Court).

The court docketed Hoffmann's petition for federal habeas relief on March 19, 2024. The petition was mailed on March 15, 2024, and is dated February 1, 2024. (Dkt. #1 at 52; dkt. #10-1.) In the petition, Hoffmann raises two grounds for relief in addition to the grounds noted above that he has raised in state court: (1) trial counsel's performance was deficient in various ways, including: (a) failing to locate and present evidence that the victims were sexually abused by other relatives; (b) pressuring Hoffmann to go to trial rather than take a plea deal; and (c) erroneously advising him that he had to testify at trial; and (2) postconviction counsel's performance was deficient because she did not bring an ineffective assistance of trial counsel claim in a motion under Wis. Stat. § 974.02 and hampered Hoffmann's efforts to file the motion himself by delaying sending him his legal materials.

OPINION

With his federal habeas petition, Hoffmann filed a motion to stay it while he returns to state court to exhaust his ineffective assistance claims.  A court may stay a mixed petition like Hoffmann's if the petitioner does not appear to be engaging in abusive litigation tactics or intentional delay, the unexhausted claims are potentially meritorious, and there was good cause for the petitioner's failure to exhaust his claims in state court in the first place. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  There is no reason to believe Hoffmann is intentionally delaying this case.  In his petition, Hoffmann alleges that his trial counsel was ineffective in multiple ways, and that postconviction counsel was ineffective for failing to raise trial counsel's ineffectiveness.  The court cannot conclude on the limited record before it that these unexhausted claims are completely meritless.   And Hoffmann has demonstrated "at least a minimal level of good cause for his failure to exhaust his state remedies" by explaining that postconviction counsel failed to raise the unexhausted matters. *Thompson v. Radtke*, No. 22-cv-15-jps, 2022 WL 1156153, at *2 (E.D. Wis. April 19, 2022).

However, Hoffmann has not established that a stay is necessary at this point.  His federal habeas clock appears to have about three months remaining, and his remaining time will be tolled or paused while a "properly filed" application for state postconviction or collateral review is pending in state court.  28 U.S.C. § 2244(d)(1)(2).  He does not explain why he has not filed his motion for collateral review before now, or why filing his motion now will not leave him enough time at the conclusion of state-court review to refile for federal habeas relief if necessary.

The court will therefore deny Hoffmann's motion to stay his petition and give him a short time to inform the court how he would like to proceed.  If Hoffmann wants to pursue his ineffective assistance claims first in state court and then refile his federal habeas petition with all his exhausted claims if he fails to obtain relief in the state courts, then the court will dismiss his petition without prejudice.  If he chooses this option, Hoffmann should file his state court motions as soon as possible and keep in mind how much time remains on his federal habeas clock to ensure that his federal habeas petition is timely refiled.  Hoffmann should also ensure that the claims he ultimately presents in his refiled petition have been raised at each level of the Wisconsin court system.  If Hoffmann would rather pursue the exhaust claims in his petition now, and likely forfeit federal review of his unexhausted claims, the court will screen his petition and determine whether Hoffmann may proceed on those claims.  If Hoffmann fails to respond to this order by the deadline indicated below, the court will presume that he no longer wishes to pursue federal habeas relief and dismiss the petition.

ORDER

IT IS ORDERED that:

1) Petitioner Alan Hoffmann's motion to proceed in forma pauperis (dkt. #3) is DENIED as moot.

2) Petitioner's motion to stay and hold his petition in abeyance (dkt. #2) is DENIED.

3) Petitioner may have until **April 30, 2024,** to decide whether to have this case dismissed without prejudice so he can pursue collateral relief in the state courts, or whether he would like to proceed with a habeas petition on the claims he has already raised.  If petitioner does not respond by the deadline, the court will dismiss his petition for his failure to prosecute it.

Entered this 15th day of April, 2024.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

5